**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**KEVIN GEDEON, a/k/a "Cash,"**

    Petitioner,

v.                                               **Civil Action No. 3:11-CV-69
Criminal Action No. 3:09-CR-30-2
(BAILEY)**

**UNITED STATES OF AMERICA**

    Respondent.

**ORDER ADOPTING IN PART AND DECLINING TO ADOPT IN PART
REPORT AND RECOMMENDATION**

**I.**     **Introduction**

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge James E. Seibert [Civ. Doc. 5; Crim. Doc. 109], filed March 29, 2012. In that filing, the magistrate judge recommends that this Court reject every claim in petitioner Kevin Gedeon's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence [Civ. Doc. 1; Crim. Doc. 193] except his claim that appellate counsel was ineffective in his representation after Gedeon's sentence was affirmed on direct appeal. On this claim, the magistrate judge has ordered that an evidentiary hearing be held on May 21, 2012, to determine the facts surrounding the decision of Gedeon's appellate counsel not to file a petition for writ of certiorari with the Supreme Court of the United States.

1

Pursuant to 28 U.S.C. § 636 (b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, the Government's objections to Magistrate Judge Seibert's R&R were due on April 16, 2012, and Gedeon's objections were due on April 20, 2012. The Government timely objected on April 4, 2012 [Crim. Doc. 111]. To date, Gedeon has not filed objections. Accordingly, this Court will undertake a *de novo* review of those portions of the magistrate judge's findings to which objection is made. The Court will review the remainder of the R&R for clear error.

**II.    Background**

On July 8, 2009, Gedeon pled guilty without a plea agreement to two counts of distribution of cocaine base [Crim. Doc. 38]. Gedeon's presentence report ("PSR") stated that he was responsible for 314.712 grams of cocaine base, for a base offense level of 32. With a criminal history category V, Gedeon's advisory Guidelines range was 188-235 months.

At his sentencing on September 29, 2009, Gedeon's counsel contested the amount of relevant conduct and objected to Gedeon not receiving an adjustment for acceptance

of responsibility.  This Court heard testimony from Gedeon and other witnesses, including Gedeon's co-defendant and the investigating officer.  This Court sustained Gedeon's objection to the amount of relevant conduct in the PSR and stated, "I will find that the evidence demonstrates just under 150 grams" of cocaine base.  ([Crim. Doc. 57] at 97).  This finding lowered Gedeon's base offense level to 30.  This Court overruled the objection relating to acceptance of responsibility and noted that a two-level enhancement for obstruction of justice was appropriate, giving Gedeon a total offense level of 32 and a Guidelines range of 188-235 months.  After hearing from counsel and Gedeon, this Court sentenced Gedeon to 189 months in prison.  This Court explained that it found Gedeon's criminal history category V somewhat overstated, departed downward to a criminal history category IV, and thus used a Guidelines range of 168-210 months.

On October 3, 2009, Gedeon noted his appeal by CJA counsel on two issues.  First, Gedeon argued that this Court erred by not articulating the standard of proof it used to determine relevant conduct.  Second, Gedeon contended that this Court's finding as to relevant conduct was erroneous.

On July 6, 2010, the United States Court of Appeals for the Fourth Circuit affirmed Gedeon's sentence after rejecting both claims of error.  ***United States v. Gedeon***, 386 Fed.Appx. 388 (4th Cir. 2010).  First, the Fourth Circuit found no clear error in this Court's "determination that Gedeon was responsible for 147 grams of cocaine base." ***Id.*** at 390.  "Here, there was no clear error.  Investigator Bean's testimony supports a finding of far more than 147 grams of cocaine base.  According to Bean, Travis Barrett and Matthew Mason reported to authorities that they had purchased over 136 grams of the drug from

3

Gedeon. Bean also testified that Chad Spaur, John Plowden, and Cordice Clark informed investigators that they had purchased quantities of crack from Gedeon that would put the total weight well above 147 grams." *Id.* Second, noting that Gedeon raised the issue for the first time on appeal, the Fourth Circuit found no plain error in the quantum of proof this Court applied in determining relevant conduct. "Here there was no error. '[D]istrict courts are presumed to know and apply sentencing law.' **United States v. Jones**, 596 F.3d 881, 884 (8th Cir. 2010). We presume that the district court properly determined relevant conduct based on a preponderance of the evidence." *Id.*

On the same day, the Fourth Circuit issued its standard Certiorari Status Form, quoting its CJA Plan as follows:

> Every attorney, including retained counsel, who represents a defendant in this court shall continue to represent his client after termination of the appeal unless relieved of further responsibility by this court or the Supreme Court. Where counsel has not been relieved:
>
> If the judgment of this court is adverse to the defendant, counsel shall inform the defendant, in writing, of his right to petition the Supreme Court for a writ of certiorari. If the defendant, in writing, so requests and in counsel's considered judgment there are grounds for seeking Supreme Court review, counsel shall prepare and file a timely petition for such a writ and transmit a copy to the defendant. Thereafter, unless otherwise instructed by the Supreme Court or its clerk, or unless any applicable rule, order or plan of the Supreme Court shall otherwise provide, counsel shall take whatever further steps are necessary to protect the rights of the defendant, until the petition is granted or denied.
>
> If the appellant requests that a petition for writ of certiorari be filed but counsel believes that such a petition would be frivolous, counsel may file a

4

motion to withdraw with this court wherein counsel requests to be relieved of the responsibility of filing a petition for writ of certiorari. The motion must reflect that a copy was served on the client.

([App. Doc. 23] at 1). Gedeon's appellate counsel was required to complete and return the Certiorari Status Form or like form within the first 30 days of the 90-day certiorari period. (Id. at 2).

By letter dated July 19, 2010, Gedeon's appellate counsel informed him as follows about his right to seek Supreme Court review:

> As we discussed last week, your appeal to the 4th Circuit Court of Appeals has been denied. You have the right to petition the Supreme Court of the United States for Certiorari within 90 days of the date of that denial by the 4th Circuit.
>
> Although I discussed it with you last week, I will at this time state in writing that it is my opinion that to file a request for Certiorari to the Supreme Court of the United States of America would, in your case, be frivolous. Since you have requested that I file such a request, I am formally advising you that I will be making a motion with the Court to withdraw from further representation of you in this matter. You will have 7 days to respond to my motion to withdraw and may file a pro se certiorari petition any time with in [sic] the 90 [sic] certiorari period.

([App. Doc. 26] at 4).

Gedeon's appellate counsel also sent him a copy of the form he intended to file with the Fourth Circuit as a certiorari status form, which counsel signed on July 21, 2010. That form stated as follows:

> I, Craig M. Kadish, have advised defendant, in writing, of the right to petition for certiorari. I have further advised defendant either [sic] that I will move to withdraw from further representation as I believe a certiorari petition would be frivolous. I further advised the Defendant that he will be afforded 7 days to respond to any motion to withdraw and may file a pro se certiorari petition any time within the certiorari period.

([App. Doc. 26] at 3). Thereafter, Gedeon's appellate counsel neither filed this form in the Fourth Circuit nor moved the Fourth Circuit for permission to withdraw from further representation.

On August 13, 2010, Gedeon file a *pro se* Motion to Appoint New CJA [App. Doc. 26] in the Fourth Circuit. That motion stated in pertinent part:

> Comes Now, the defendant Kevin Gedeon by and through pro se [sic] and files this motion concerning my appeal CJA and asks for relief from the Honorable Court.
>
> . . .
>
> I'm including a copy of a letter from Mr. Craig M. Kadish send me leting [sic] it be know [sic] that he is filing to the Court to be withdraw [sic] off this Case 09-4918. So I'm asking the Honorable Court to appoint me a counsel for this case.

(Id. at 1-2).

Gedeon attached his appellate counsel's July 19, 2010, letter and July 21, 2010, certiorari status form as exhibits to his motion. (Id. at 3-4). On August 19, 2010, the Fourth Circuit denied Gedeon's motion for new counsel, stating in toto: "The Court denies the motion to appoint new CJA counsel." ([App. Doc. 27] at 1). Mandate issued on September 7, 2010, as the last filing on the Fourth Circuit's docket in Gedeon's appeal [App. Doc. 29]. Gedeon's counsel did not file a petition for writ of certiorari in the Supreme Court.

On August 19, 2011, Gedeon filed the instant 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence [Civ. Doc. 1; Crim. Doc. 193]. Gedeon claims that he received ineffective assistance of counsel during the guilty plea phase, at sentencing, and on appeal. In claiming ineffective assistance of appellate counsel, Gedeon alleges, *inter alia*, that:

> [A]t the conclusion of the direct appeal at the Circuit Court level, Mr. Gedeon desired to file a petition for writ of certiorari in the United States Supreme Court, but his appellate attorney declined to assist him in this regard. Mr. Gedeon was subsequently forced to file his own petition for certiorari without the benefit of counsel.

([Crim. Doc. 85-1] at 10-11).

On March 29, 2012, Magistrate Judge Seibert filed the instant R&R [Civ. Doc. 5; Crim. Doc. 109] recommending that this Court deny Gedeon's claims except the one related to certiorari. With regard to that claim, the magistrate judge ordered that an evidentiary hearing be held on May 21, 2012, and appointed Gedeon a CJA attorney to represent him at that hearing.

On April 4, 2012, the Government objected to the R&R to the extent that the magistrate judge ordered a hearing on the certiorari claim [Crim. Doc. 111]. Specifically, the Government argues that the record clearly shows that appellate counsel made Gedeon aware of his right to seek Supreme Court review. By newly-appointed counsel, Gedeon responded that an evidentiary hearing is necessary to determine the facts surrounding appellate counsel's failure to file the appropriate certiorari notice in the Fourth Circuit or move the Fourth Circuit to withdraw [Crim. Doc. 119]. In reply, the Government "contends that such a failure to file the documents does not, by itself, justify relief under § 2255 as suggested by **United States v. Harris**, No. 2:09-CR-2, 2012 WL 32934, at *8 (W.D. Va. Jan. 6, 2012)." ([Crim. Doc. 121] at 3).

Gedeon did not file *pro se* objections to the R&R.

### III. Discussion

#### A. Clear Error Review

Gedeon does not challenge the recommendation of Magistrate Judge Seibert to dismiss his claims for ineffective assistance of counsel that do not relate to the certiorari issue. Having reviewed those recommendations for clear error, this Court finds none. Accordingly, those claims of ineffective assistance of counsel should be **DISMISSED**.

#### B. *De Novo* Review

The Government challenges the necessity of the evidentiary hearing ordered by Magistrate Judge Seibert on Gedeon's certiorari claim. As such, this Court will review the necessity of the evidentiary hearing *de novo*.

To establish a claim for ineffective assistance of counsel, Gedeon must demonstrate that: (1) counsel's conduct fell below an objective standard of reasonableness and (2) the petitioner was prejudiced by counsel's deficient performance. ***Strickland v. Washington***, 466 U.S. 668, 687 (1964).

As an initial matter, this Court finds that Gedeon's certiorari claim, properly construed, is that his appellate counsel was ineffective for not assisting him in filing a petition for writ of certiorari. This is the only construction supported by Gedeon's allegation that he "desired to file a petition for writ of certiorari in the United States Supreme Court, but his appellate attorney <u>declined to assist him in this regard</u>." ([Crim. Doc. 85-1] at 10-11) (emphasis added). What is also clear from the record is that because Gedeon's appellate counsel did not move the Fourth Circuit for permission to withdraw, he was not "relieved of the responsibility of filing a petition for writ of certiorari." CJA Plan, § 5, ¶2. Thus, it appears to this Court that Gedeon has satisfied the first prong of ***Strickland*** by showing that his appellate counsel's conduct fell below an objective standard of reasonableness. However, even assuming such satisfaction, this Court concludes that Gedeon has failed to show that he was prejudiced, the second prong of ***Strickland***.

In ***United States v. Harris***, 2012 WL 32934, *2 (W.D. Va. Jan. 6, 2012), the district court also construed the petitioner's § 2255 motion as alleging that appellate counsel provided ineffective assistance on appeal because he failed to file a petition for a writ of certiorari. The court rejected Harris' claim under both prongs of ***Strickland***. ***Id.*** at *8-9. Unlike here, appellate counsel complied with the Fourth Circuit's Certiorari Status Form, moved to withdraw, and was granted permission to withdraw. ***Id.*** at *8. Thus, the court

9

found that Harris had failed to "demonstrate any respect in which counsel's representation was deficient." *Id.* at *9. Importantly, the court also concluded that "Harris' claims are meritless, and Harris fails to demonstrate any reasonable probability that the outcome of his case would have been different if counsel had filed a certiorari petition." *Id.*

Finding **Harris** persuasive, this Court holds that Gedeon's claims relating to relevant conduct are meritless, and Gedeon fails to demonstrate any reasonable probability that the outcome of his case would have been different if his appellate counsel had filed a petition for writ of certiorari. In so holding, this Court relies upon the Fourth Circuit's vigorous rejection of Gedeon's challenge to this Court's relevant conduct determination, indicated by its observation that "Investigator Bean's testimony supports a finding of <u>far more than</u> 147 grams of cocaine base." **Gedeon**, 386 Fed.Appx. at 390. Moreover, this Court relies upon the fact that Gedeon's challenge to the quantum of proof that this Court applied to determine relevant conduct is subject only to plain error review (as it was not raised before this Court in the first instance) and that the Fourth Circuit "presume[d]" that this Court properly determined relevant conduct based on a preponderance of the evidence because "'district courts are presumed to know and apply sentencing law.'" *Id.* (quoting **United States v. Jones**, 596 F.3d 881, 884 (8th Cir. 2010)).[1] Accordingly, Gedeon's claim that his appellate counsel was ineffective by failing to assist him in filing a petition for writ of certiorari fails under the second prong of **Strickland** and should be **DISMISSED**. As such, this Court finds that an evidentiary hearing is unnecessary.

---

[1]This Court also finds it significant that the Fourth Circuit denied Gedeon the appointment of a new CJA attorney upon Gedeon's attachment of his appellate counsel's letter and notice to his motion.

## IV. Conclusion

Upon careful review of the record, this Court hereby **ADOPTS IN PART** and **DECLINES TO ADOPT IN PART** Magistrate Judge Seibert's Report and Recommendation **[Civ. Doc. 5; Crim. Doc. 109]**. The Government's Objections **[Crim. Doc. 111]** are hereby **SUSTAINED** and the evidentiary hearing previously set for May 21, 2012, is hereby **VACATED**. Gedeon's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody **[Civ. Doc. 1; Crim. Doc. 193]** is hereby **DENIED** and **DISMISSED WITH PREJUDICE** in its entirety. As such, this Court **DIRECTS** the Clerk to enter judgment in favor of the respondent and strike this case from the active docket of this Court.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that Gedeon has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit a copy of this Order to counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** April 26, 2012.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE